EDMUND JONES v. THE N. C. RAILROAD COMPANY.

Where the plaintiff's horse was in his pasture, through which the defendant's road ran, and was run over in the day time by one of the engines of defendant, it appearing on the trial that the horse before being struck ran some two hundred yards on the track, and that there was nothing to prevent the engineer from seeing him, and that no alarm was given by the engineer until about the time the horse was run over; *Held*, that there was such negligence on the part of the engineer as would make the defendant liable in damages for the injury to the horse.

Civil action, to recover damages for killing a horse, tried before *Moore, J.,* at the Special (July) Term, 1873, of the Superior Court of Mecklenburg county.

The evidence tended to establish the following facts:

The horse of the plaintiff was struck by one of the defendant's freight trains, soon after sunrise; that the track, at the place where the accident occurred, was slightly down grade, and straight for a half a mile or more, so that the animal could have been seen for that distance by the engineer coming in the direction the train was then running. From the tracks of the horse, it appeared that he had run ahead of the train, at a rapid pace for about two hundred yards, leaping a very wide cattle guard; that at the point where the horse commenced running, there was a cut which gradually deepened, in the direction the train was going, to the depth of some five feet, and was preceded immediately by a fill extending to the creek bridge; that the animal was struck about fifty yards from the bridge, where the fill was from five to eight feet high.

The plaintiff, a colored man, was standing in sight of the train as it passed, but did not see the horse; he knew the signals used on the trains, having been himself employed on the road, and that the whistle blew the brakes and the train stopped for a moment only. He, the plaintiff, went immediately to the place where the train stopped, and found the

horse had been struck and its leg cut off. The whistle did not blow the alarm. The horse, the night before, had been turned into the inclosed field, through which the road of defendant runs, to pasture.

Defendant asked the Court to charge, that as the action was not brought within six months of the alleged injury, it was incumbent upon the part of the plaintiff to prove that the wrong complained of was the result of negligence on the part of the defendant ; and that according to the evidence, in law, negligence was not established.

His Honor declined to give the instruction asked, but on the contrary, instructed the jury, that if the evidence was believed, negligence was established, and that the plaintiff was entitled to recover.

The jury returned a verdict for the plaintiff. Judgment accordingly, and appeal by defendant.

*R. Barringer* and *Wilson & Son*, for appellant.
*Guion* and *Vance & Dowd*, contra.

READE, J. The horse was pasturing in his owner, the plain-tiff's field, through which the defendant's road ran. How or when the horse got upon the road does not appear. His tracks indicate that he ran before the train two hundred yards. It was day time and the road was straight. There was nothing to prevent the engineer from seeing the horse, and therefore it is to be taken that he did see him. The alarm whistle was not blown at all, and the whistle for the brakes was not sounded until about the place where the train struck the horse, whether just before or just after striking does not appear.

We agree with his Honor that this was negligence.

There is no error. Judgment here for plaintiff.

PER CURIAM.                              Judgment affirmed.